UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | **NO. 5:20-cr-00479(3)-OLG** |
| § | |
| **ALEX GARCIA** § | |
| **Defendant.** § | |

## ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PURSUANT TO SPEEDY TRIAL ACT

Having considered the current circumstances resulting from the COVID-19 pandemic, and further having considered the General Orders of the Chief Judge of the United States District Court, Western District of Texas, issued because of the COVID-19 public health emergency, as listed below and incorporated by reference, it is the opinion of the Court that the docket call, jury selection and trial in this case should be and is continued, and the Court hereby FINDS AS FOLLOWS:

1. In response to the outbreak of the COVID-19 pandemic in the United States, on January 31, 2020, the Secretary of Health and Human Services declared a public health emergency for the entire United States. In addition, on March 13, 2020, the President of the United States declared a national emergency, and the Governor of the State of Texas declared a state of disaster for all counties in Texas due to the imminent threat posed by COVID-19. The Centers for Disease Control

and Prevention and other public health authorities advised taking precautions to reduce the possibility of exposure to the virus and to slow the spread of disease.

2.      Considering these public declarations, and in response to the exigent circumstances created by the COVID-19 pandemic, the Chief Judge of the U.S. District Court, Western District of Texas, issued several district-wide orders which continued the trial settings of criminal jury and/or bench trials scheduled during the time period from March 13, 2020, through April 30, 2021. The orders are incorporated herein by reference.[31]

3.      The district-wide continuances ordered by the Chief Judge were based on the circumstances created by the COVID-19 pandemic and the Court's concern with the health and safety of the public, Court employees, staff of other entities with whom Court personnel interact, litigants, defendants in criminal matters, counsel, interpreters, law enforcement officials, and jurors, who must work in close quarters to hear evidence and deliberate. The continuances were further based on "the severity of the risk to the persons listed above by the spread of COVID-19 in the Western District of Texas," and the court's consideration of "matters of public health, while reducing the size of public gatherings and the need for travel."

---

[31] All district-wide orders, and orders for each division, relating to the COVID-19 pandemic may be found at the District Court's website at https://www.txwd.uscourts.gov/coronavirus-covid-19-guidance/.

4. For all the continuances, the Chief Judge found that "[d]ue to the Court's reduced ability to obtain an adequate spectrum of jurors and due to the reduced availability of attorneys and Court staff to be present in courtrooms because of the public health considerations described [in the orders], the time period of the continuances implemented by this Order are excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A)." The Chief Judge further found that the ends of justice served by ordering the continuances outweigh the best interests of the public and each defendant's right to a speedy trial, and that "in fact, the best interest of the public are served by these continuances."

5. By separate Order, the judges of the San Antonio Division have now begun the process of resuming jury trials in felony criminal cases. As that Order notes, to safely conduct one jury trial and allow for appropriate physical distancing, three courtrooms in the John H. Wood Jr. United States Courthouse will need to be utilized to conduct a single jury selection and trial. Accordingly, not all judges will have the courtrooms necessary to fully resume normal activities.

6. Given the continued public health concerns discussed in the district-wide orders of the Chief Judge, as well as the reduced ability of attorneys, parties, witnesses, and court staff to be present in the courthouse and courtrooms while complying with physical distancing recommendations and other COVID-related protocols, and the limited physical space available to provide the necessary physical

distancing and COVID-related protocols for persons in the jury pool and jurors in the courtroom, the Court finds that the ends of justice served by granting a continuance in this case outweigh the best interest of the public and Defendant in a speedy trial.

7. Failure to grant the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, particularly given the need for a full, unhindered, continuously serving jury venire and seated jury, which is central to the sound administration of justice.

8. Failure to continue this case is also likely to put counsel, parties, witnesses, jurors, and Court personnel at unnecessary risk.

9. Due to the restrictions imposed by current public-health concerns it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of counsel for the Government or the Defendant, or failure on the part of the Government to obtain available witnesses.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued to a date issued by the Court in a separate order.

2. The time period of any previous trial date to the new trial date, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO **ORDERED**.

Signed this __29th__ day of April, 2021.

_____
HONORABLE ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS